IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, CHANCERY DIVISION

2018 JAN 12 PM 12: 03

CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
CHANCERY DIV.

DOROTHY BROWN CLERK

| | | |
|---|---|---|
| RICHARD CALCUT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. |
| | ) | |
| SECURA SUPREME INSURANCE | ) | |
| COMPANY, a Wisconsin Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

2018CH00440
CALENDAR/ROOM 05
TIME 00:00
Declaratory Jdgmt

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

NOW COMES the Plaintiff, RICHARD CALCUT, by his attorneys, SALVI, SALVI & WIFLER, P.C., and in complaining of the Defendant, SECURA SUPREME INSURANCE COMPANY, states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff, RICHARD CALCUT, is an individual who resides in Lake County, Illinois.

2. Defendant, SECURA SUPREME INSURANCE COMPANY ("Secura"), a Wisconsin Corporation, is an insurance company registered to do business in Illinois.

3. That in consideration for payments made by Plaintiff and pursuant to the parties' agreement, Secura put into effect, on or about January 1, 2016, a certain automobile insurance policy bearing the policy number PB2713123, under which Plaintiff is the named insured. A true and correct copy of the policy is attached and marked as Exhibit A ("the policy").

4. The policy provides, in part, as follows:

> A. We will pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury:

Exhibit 1

  1. Sustained by an insured; and
  2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the underinsured motor vehicle.

* * *

 C. Insured as used in this endorsement means:

  1. You or any family member.
  2. Any other person occupying:
   a. Your covered auto; or
   b. Any other auto operated by you.

  3. Any person for damages that person is entitled to recover because of bodily injury to which this coverage applies sustained by a person described in 1. or 2. Above.

* * *

 D. Underinsured motor vehicle means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is either:

  1. Less than the limit of liability for this coverage; or
  2. Reduced by payments to others injured in the accident to an amount which is less than the limit of liability for this coverage.

 5. That Plaintiff's underinsured coverage with the Defendant has a limit of $250,000 each person and $500,000 per accident.

 6. That on or about September 30, 2016, the policy remained in effect. On that day, Plaintiff was operating a motor vehicle insured under the policy when said vehicle was struck by another vehicle. The sole cause of the collision was the negligence of Robert Bunke, an underinsured motorist, who was then insured by Progressive Insurance under Policy No. 910291180.

 7. Plaintiff suffered personal injuries in the collision of September 30, 2016, and sustained damages in excess of $100,000.00.

2

8. That Bunke's policy of insurance provided $100,000.00 in liability coverage.

9. That Plaintiff submitted a claim against Bunke and settled for the policy limits of $100,000.00, all with Secura's agreement to said settlement, Secura's consent to release Bunke and Secura's assurance that Plaintiff could proceed with his underinsured motorist claim pursuant to the policy.

10. That Secura has not made any offer to settle Plaintiff's underinsured claim, though it has rejected Plaintiff's policy demand.

11. That Plaintiff and Secura are in agreement that Plaintiff is entitled to underinsurance coverage up to an additional $150,000.00 in coverage.

12. The parties but disagree as to the amount of compensation Plaintiff is entitled to receive under the underinsured motorist coverage and the mechanism for determining such amount.

13. That Plaintiff has made several requests that this disagreement be resolved by arbitration in accordance with the Illinois Insurance Code, but Secura refuses to have the matter resolved in arbitration.

14. Secura has refused to submit the matter to arbitration and has communicated to Plaintiff its requirement that suit be filed to resolve the parties' disagreement.

## COUNT I

### DIRECT ACTION TO DETERMINE DAMAGES

1-14. That as and for its Count I of Plaintiff's Complaint, Plaintiff restates and realleges the allegations set forth in paragraphs 1 through 14 of Allegations Common to All Counts, above.

15. That this matter should be submitted to a jury to determine the amount of compensation due to Plaintiff under the terms of the policy's underinsured motorist coverage.

3

WHEREFORE, the Plaintiff, RICHARD CALCUT, prays that this Honorable Court enter judgment in his favor and against the Defendant in the amount determined by the Jury's verdict as Defendant's liability to the Plaintiff under the policy.

## COUNT II

## BAD FAITH ACTION – ADDITIONAL DAMAGES

1-13. That as and for its Count I of Plaintiff's Complaint, Plaintiff restates and realleges the allegations set forth in paragraphs 1 through 12 of Allegations Common to All Counts, above.

14. That Secura had a legal duty to make a reasonable good faith offer to settle but has failed and refused to make any offer.

16. That Secura had a legal duty to submit this matter to arbitration, but it has failed to do so.

17. That such acts and omissions by Secura has caused an unreasonable delay in receiving benefits due and was/is vexatious and unreasonable in violation of 215 ILCS 5/155.

18. That Secura has a duty to investigate Plaintiff's claim and make a reasonable/prompt offer of settlement. However, Secura has made no offer as of the date of filing this Complaint.

WHEREFORE, in addition to any amounts that Plaintiff may recover pursuant to Count I, Plaintiff prays this Honorable Court enter judgment for attorney's fees, costs, plus $60,000.00 or as the Court deems applicable pursuant to 215 ILCS 5/155.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

RICHARD CALCUT, Plaintiff

By: /s/ Michael J. Salvi

Michael J. Salvi

Michael J. Salvi (ARDC #06187824)
SALVI, SALVI & WIFLER, P.C. 215 ILCS 5/155
335 Chancery Lane
Lake Zurich, Illinois 60047
Telephone: (847) 438-6153
Facsimile: (847) 438-6172
Firm No.: 116270
e-mail: msalvi@salvisalviwifler.com

